UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JEAN PAUL MORENO,

    Plaintiff,

v.

COLE, SCOTT & KISSANE, P.A.,

    Defendant.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JEAN PAUL MORENO, ("Plaintiff"), sues Defendant, COLE, SCOTT & KISSANE, P.A.. ("Defendant"), and alleges:

## NATURE OF CLAIMS

1. This is an action under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, et seq., (USERRA). The action includes claims for (1) Discrimination in violation of the USERRA and (2) Retaliation in violation of the USERRA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3).

3. Plaintiff is a resident and citizen of Broward County, Florida.

4. Defendant is a Florida Profit Corporation with its principal place of business located at 9150 S Dadeland Blvd, Suite 1400, Miami, FL 33156 in Miami-Dade County, Florida.

5. Plaintiff was employed by Defendant in Miami-Dade County. All unlawful employment practices alleged to have occurred herein took place in Miami-Dade County.

6. Venue is proper in the Souther District of Florida, Miami Division.

7. All conditions precedent have occurred or been performed.

**STATEMENT OF FACTS**

8. Defendant is a Florida insurance defense law firm with thirteen ofices located throughout the State of Florida.

9. Plaintiff is a former "employee" of Defendant as defined under 38 U.S.C. § 4303(3).

10. Defendant is a former "employer" of Defendant as defined under 38 U.S.C. § 4303(4).

11. At all times material hereto, Plaintiff performed "service in the uniformed services" as that term is defined under 38 U.S.C. § 4303(13).

12. On or about May 17, 2021 Defendant hired Plaintiff to work for Defendant as an full-time attorney.

13. During the interview and the hiring process, Plaintiff informed Defendant about his Military commitment and the fact that the last quarter of the year was soon approaching, and his commitment needed to be met.

14. Plaintiff provided Defendant with adequate advance notice of military service under 38 U.S.C. §4312(a)(1).

15. Plaintiff notified defendant of periods during which Plaintiff would need to take leave to complete military service requirements.

16. Plaintiff first took military leave for five days starting May 24, 2021 and returning May 28, 2021.

17. Plaintiff at the same time was scheduled to take military leave June 7, 2021 through June 11, 2021 and June 14, 2021 through June 18, 2021, however both sets of orders were rescheduled to avoid further conflict with Plaintiff's new job.

18. Both sets of orders were rescheduled for September, which is the last month in a fiscal year, and the last month that Plaintiff would be able to comply with his military duty.

19. In late July of 2021, Plaintiff's son contracted COVID-19, and Plaintiff, complying with local health standards and Defendant's policy, notified the Defendant and was told to quarantine and work from home.

20. While working from home on Plaintiff's assigned caseload, and in an attempt to avoid additional work time disruptions, Plaintiff consulted with Defendant's assigned supervisors about the possibility of attending to his military duties while quarantined at home, which would be of benefit once reinstated as plaintiff would only need to take one week off in September instead of two, to which Defendant agreed to.

21. Subsequently, Plaintiff asked his base ifone of the pending weeks could be rescheduled to coincide with his quarantine, and his Orders were given for July 26, 2021 through July 30, 2021.

22. Plaintiff always notified Defendant's assigned supervisor as to military orders, his quarantine status, Plaintiff's family symptoms, and test results.

23. Plaintiff, at all times during his quarantined period, except during Military Duty, days worked from home on his assigned caseload.

24. Plaintiff attended all scheduled meetings, communicated with his assistant, answered phone calls, met assigned deadlines, and was in constant communication with Defendant.

25. Plaintiff phisycally returned to Defendant's offices from quarantine on August 25, 2021.

26. Upon return, Plaintiff worked until Monday August 30th, when around 10:00AM he was approached by his supervisor and Plaintiff was asked to meet with his supervisors in a different office.

27. Plaintiff was terminated by Defendant employees, Tasha Somarriba and George Hooker, and was told that he was being terminated due to deficiencies in his productivity.

28. Plaintiff was offered a pretextual reason for his termination.

29. The cumulative length of service that caused and would later cause Plaintiff's absences from employment with Defendant did not exceed five years.

30. Plaintiff's service did not disqualify him from asserting USERRA rights in that Plaintiff did not separate from the service with a dishonorable discharge, bad conduct discharge, conditions other than honorable discharge, dismissal by a court martial or by order of the President in time of war, due to an absence without authority for more than three months, nor due to imprisonment by a civilian court.

31. Plaintiff has hired the undersigned private counsel to represent him in this action and is entitled to recover his attorney's fees.

### COUNT I
### Uniformed Services Employment and Reemployment Rights Act of 1994
#### (Discrimination in violation of the USERRA)

32. Plaintiff realleges and incorporates allegations 1-31.

33. Plaintiff was a person who was a member of, applied to be a member of, applied to perform, and/or had an obligation to perform uniformed service.

34. Defendant denied Plaintiff retention in employment and/or other benefits of employment with Defendant on the basis of Defendant's membership, application for membership, performance of service, application for service, and/or obligation to perform uniformed service.

35. Plaintiff's membership, application for membership, service, application for service and/or obligation for service in the uniformed services was a motivating factor in Defendant's action and such action would not have been taken in the absence of Plaintiff's membership, application for membership, service, application for service, or obligation for service.

36. Defendant's conduct as described herein is in violation of 38 U.S.C. § 4311(a) & (c)(1).

37. As a direct and proximate result of Defendant's willful violation of USERRA, the Plaintiff suffered damages.

38. The degree of hostility and animosity between the parties, the displacement of an innocent employee, the probability of reinstatement arousing hostility in the workplace, the effect of the dismissal, and the litigation process on Plaintiff's feeling of self-worth and ability to return to work for the Defendants make reinstatement impracticable and inappropriate. Therefore, Plaintiff is entitled to front pay as an alternative form of equitable relief.

39. Defendant's discriminatory actions were willful, therefore Plaintiff is entitled to liquidated damages under 38 U.S.C. § (d)(C).

## COUNT II
### Uniformed Services Employment and Reemployment Rights Act of 1994
**(Retaliation in violation of the USERRA)**

40. Plaintiff realleges and incorpoates allegations 1-31.

41. Plaintiff exercised a right provided under USERRA.

42. Defendant discriminated in employment against and/or took an adverse employment action against Plaintiff for exercising a right provided for under USERRA.

43. Plaintiff exercising of a right provided for under USERRA was a motivating factor in Defendant's action and Defendant would not have taken such action in the absence of Plaintiff's exercising of his rights under USERRA.

44. Defendant's conduct as described herein violated 38 U.S.C. § 4311(b) & (c)(2).

45. As a direct and proximate result of Defendant's willful violation of USERRA, the Plaintiff suffered damages.

46. The degree of hostility and animosity between the parties, the displacement of an innocent employee, the probability of reinstatement arousing hostility in the workplace, the effect of the dismissal, and the litigation process on Plaintiff's feeling of self-worth and ability to return to work for the Defendants make reinstatement impracticable and inappropriate. Therefore, Plaintiff is entitled to front pay as an alternative form of equitable relief.

47. Defendant's discriminatory actions were willful, therefore Plaintiff is entitled to liquidated damages under 38 U.S.C. § (d)(C).

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, JEAN PAUL MORENO, respectfully requests the following relief under each count, unless otherwise specified:

   a. Injunctive relief under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated above and enjoining Defendant from future violations of the laws enumerated above and providing other equitable relief to Plaintiff;

b. Back pay wages, salary, employment benefits, and all other compensation to which he is entitled (hereafter "back pay");

c. Front Pay should the Court determine that reinstatement is not a feasonible option, otherwise, Reinstatement to Plaintiff's former position of like seniority, status, and position;

d. Interest as permitted by law;

e. Liquidated damages in an amount equal to the sum of back pay and interest on back pay;

f. Attorney's fees and costs, including expert witness fees as allowed by law;

g. All other legal and/or equitable relief to which she is entitled as a matter of law and/or equity.

**LINDSAY & ALLEN, PLLC**

/s/ *Victor R. Bermudez*
Victor R. Bermudez, Esq.
Florida Bar No. 1010344
*Trial Counsel for Plaintiff*
13180 Livingston Road, Suite 206
Naples, FL 34109
(P) 239.593.7900 (F) 239.593.7909
victor@naples.law
service@naples.law